## RICH'S CASE.

*Supreme Court, First District; Special Term, March,* 1861.

ASSESSMENTS IN THE CITY OF NEW YORK.—PROCEEDINGS TO VACATE.

The fraud under which an assessment may be set aside under the act of 1858, must be actual fraud, not mere omissions, errors, or negligence.

A petition for the paving of a street, asked to have the expense paid one-half by the Common Council and one-half by the owners, and the published notice of the pendency of the application so stated. The work was done and the assessment charged the whole expense upon the owners.

*Held,* that this was not a legal irregularity for which the assessment could be set aside.

In determining an application to vacate an assessment, the judge is confined to the allegations in the petition.

Motion to vacate an assessment.

The facts are stated in the opinion.

*Tully & Quin*, for the petitioner.

*H. H. Anderson*, for the Corporation.

INGRAHAM, J.—The petitioner moves for an order vacating the assessment for paving Fifty-first-street, for two reasons :

1. That the notice of the pendency of the application before the Common Council, which was published, stated that the work was to be done at the joint expense of the owners and the city.

2. That the committee of the Common Council promised to give the opponents of the assessment a second hearing, and did not.

The statute authorizes this proceeding in two cases ; one where fraud is shown, and the other where some legal irregularity exists in the proceeding.

There can be no pretence of fraud in this matter. None is shown, nor any facts proven from which such fraud can be inferred. It must be actual fraud intended by the parties, and not mere omissions or errors, which can be relied on as forming a ground for inferring fraud. At most, the only thing which can be charged to the committee in this case would be negligence, and it would be surprising if, among the various engagements of these committees, errors, such as are charged in this case, do not occur.

The only question which remains is, whether any legal irregularity exists which will authorize me to set aside the assessment.

I am not prepared to say that the irregularity complained of in this case is one contemplated by the statute.

The provisions in the ordinance referred to are merely directory, intended for the government of the city officers, and the benefit of the property owners. The observance of them would be conducive to the protection of the owners of property, to some extent, against extravagant assessments. Yet the non-observance of them can hardly be said to make the legislation of the Common Council void. The same power that passes the ordinance, adopts the resolution under which the work was

done.  There can be no doubt of their authority to repeal the ordinance, and the passage of the resolution and ordinance to do this particular work, although in violation of the previous ordinance, was within their powers, and must be considered, *pro tanto*, a repeal of the former one.

But I think the petitioner is mistaken when he charges any irregularity in this matter.  The ordinance requires the head of the department to give notice of the application in the papers.  What was the application in this case?  The petitioners asked to have the street paved, the expense of one-half to be paid by the Common Council, and the other half by the owners.

This was strictly followed in the notice, and there was no error or neglect on the part of the department.  The ordinance then was fully complied with.  There is nothing which limits the action of the Common Council to the particular mode asked for in the petition.  They might have originated such a measure without any petition from the owners, and the ordinance, therefore, could have been passed without giving any notice whatever.

The *object* of the ordinance requiring notice was to allow parties to object to improvements asked for by a few owners, but it does not make any legislation founded thereon illegal, which does not in all things conform to the application and notice.

In these respects, although there is no such legal irregularity which warrants me in setting aside the assessment, and the petitioner has erred in seeking his remedy here, still it is apparent that there has been a departure from the ordinary practice in charging the whole expense of this payment upon the owners, which has arisen probably from a mistake in drawing the resolution, and not from intention.  The remedy in such a case is by a petition to the Common Council, who can do justice to the parties by assuming half the expense now, with no different result than if such had been the original resolution. Another objection made in the counsel's points to this assessment is, that it purports to be for work from the Second to the Third avenue, when the assessment is for work from the Second to the Fourth avenue.

This ground is not available to the petitioner, because it is not stated in the petition.

By the statute, the fraud or irregularity must be alleged, and notice given to the corporation counsel, and, on hearing, the alleged fraud or irregularity must be proven. No such fraud or irregularity, of which notice has not been given, can form the ground for vacating the assessment.

The judge is confined to the allegations in the petition.

The application must be denied.